**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**June 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **T.R.**

**No. 15-1235** (Randolph County 14-JA-4)

## MEMORANDUM DECISION

Petitioner Mother J.R., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's November 18, 2015, order terminating her parental rights to two-year-old T.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of T.R. also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in proceeding to disposition when the DHHR failed to properly consider relative placement of the child—specifically placement with the child's maternal grandparents.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Further, in 2014, the circuit court held adjudicatory and dispositional proceedings in this matter that resulted in a 2014 order terminating petitioner's parental rights to T.R. However, the circuit court set aside that order and held additional adjudicatory and dispositional hearings in 2015, because the parties had agreed that the burden was illegally shifted to petitioner in the 2014 proceedings. This memorandum decision discusses only the 2015 proceedings, which resulted in the November 18, 2015, termination order at issue in this appeal.

[2] We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

In March of 2014, the DHHR filed an abuse and neglect petition in which it alleged that petitioner's parental rights to several of T.R.'s older siblings were involuntarily terminated in 2012. The DHHR further alleged that petitioner gave birth to T.R. on March 3, 2014, and that her circumstances had not changed since the time of her prior terminations. The DHHR noted in the petition that prior terminations require it to seek termination of parental rights to a subsequent child.

In April of 2015, the circuit court held an adjudicatory hearing. At that hearing, the circuit court heard evidence of petitioner's prior involuntary terminations as alleged in the petition and further evidence that she had not corrected the circumstances that led to those prior involuntary terminations. At the conclusion of the hearing, the circuit court adjudicated petitioner as an abusing parent. The matter was scheduled for disposition.[3]

In June of 2015, the DHHR filed a case plan for the dispositional hearing. In that case plan, the DHHR noted that there were "no kinship/relative options available, at this time."

In July of 2015, the circuit court held a dispositional hearing. At the outset of the hearing, petitioner noted her objections to many of the DHHR's representations in the case plan. Those objections included her claim that the DHHR was wrong when it concluded that there were "no kinship/relative options available, at this time." Petitioner argued that the T.R.'s grandparents were available and willing relative placement options and that the DHHR had failed to consider them. In response, the DHHR defended its conclusion that there were no relative placement options. The DHHR explained that it had considered the grandparents as a relative placement, but it concluded that such a placement was inappropriate because the grandparents resided on the same "family compound" as petitioner and they effectively resided together. Further, the DHHR noted that a case worker had visited the grandparents' home and was asked to leave and not return. In sum, the DHHR asserted below that

> there's been a lot of testimony in this case about the family, and how close they are, and how they spend time in each other's residences . . . . So there's been a wealth of information in this case that[,] given the proximity . . . the family circumstances and . . . the nature of the property . . . being in close proximity to each other that [the grandparents] would not be a suitable placement.

The circuit court agreed with the DHHR. Therefore, the circuit court overruled petitioner's objection to the case plan and proceeded to disposition. By order entered on November 18, 2015, the circuit court terminated petitioner's parental rights to T.R. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

---

[3]In May of 2015, the first dispositional hearing was continued due to the DHHR's failure to file the child's case plan.

2

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); s*ee also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner argues that the circuit court erred in proceeding to disposition when the DHHR failed to consider a relative placement.[4] In support of her contention, petitioner relies upon *In re Hunter H.*, 227 W.Va. 699, 715 S.E.2d 397 (2011). However, we find *In re Hunter H.* to be inapposite to petitioner's narrow assignment of error raised herein. In that case, this Court explained that a grandparent preference must be considered in conjunction with an analysis of the child's best interests. *Id.* at 706, 715 S.E.2d at 404. Following our review of the record on appeal, we find no factual basis for petitioner's claim that the DHHR failed to consider the grandparents as a potential relative placement. It is clear from the record on appeal that a DHHR case worker visited the grandparents' home and that the DHHR knew that the grandparents and petitioner were a close family who lived in close proximity to one another. According to the DHHR, the grandparents were considered for placement in the beginning of the case and ultimately found to be unsuitable. Therefore, in light of its knowledge of the grandparents' situation, the DHHR noted in T.R.'s case plan that there were no relatives available for placement of the child.

To the extent petitioner argues that the circuit court erred in proceeding to disposition because T.R.'s case plan lacked specificity as to relative placement, we find no reversible error in the circuit court's decision to proceed to disposition under the facts of this case. Rule 28(c)(2) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings provides that a child's case plan shall identify relatives contacted to provide suitable placement for the child. Petitioner is correct that the DHHR failed to include this information in T.R.'s case plan. *See* Syl.

---

[4]We note that petitioner's argument on this point is a narrow one: she expressly states on appeal that she "does not argue that the [DHHR] was required to ultimately place the children [sic] with [the grandparents or other relatives] . . . but the [DHHR] is required to at least consider the matter."

3

Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009) (holding that orders in abuse and neglect cases will be vacated and remanded only where law was "substantially disregarded or frustrated"). In this case, the abuse and neglect statutes and rules were not substantially disregarded or frustrated. The evidence before the circuit court indicated that the grandparents were well known to the DHHR and were not presented as a potential relative placement. Moreover, the DHHR made a statement in T.R.'s case plan regarding relative placement and then elaborated on that statement at the subsequent hearing. Due to the DHHR's involvement with the grandparents in this case and its statement in T.R.'s case plan, we find no substantial disregard for the child abuse and neglect rules by the circuit court in this case. Given the narrow issue before us on appeal and our review of the record in this case, we find no merit to petitioner's claim that the circuit court erred in proceeding to disposition in this matter.

For the foregoing reasons, we find no error in the circuit court's November 18, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: June 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II